Caddo Parish District Attorney's Office

2015-1775 (La. 11/15/16)

**STATE EX REL. Ronnie YORK**

v.

**STATE of Louisiana**

**No. 2015–KH–1775**

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Stay denied; writ denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator also fails to show the victims were not competent to testify and that the jury was incorrectly instructed on circumstantial evidence. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the District Court's written reasons denying relator's application.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

STATE OF LOUISIANA  NUMBER: 265544; SECTION 3

VERSUS           1st JUDICIAL DISTRICT

RONNIE YORK      MAY 2 2 2015      CADDO PARISH, LOUISIANA

## RULING

Currently before the Court is a "Uniform Application for Post Conviction Relief" ("Motion") filed on February 18, 2015 and a Traverse filed on March 30, 2015 by Ronnie York ("Petitioner"). For the reasons that follow, Petitioner's Motion is DENIED.

On May 24, 2012, Petitioner was convicted of one count of attempted aggravated rape of his mentally handicapped sister-in-law, Y.P., and guilty as charged of aggravated rape of his five-year old daughter, R.Y. The Second Circuit affirmed his conviction and sentence. *State v. York*, 48,230 (La. App. 2 Cir. 8/7/13), 121 So. 3d 1226, 1242 *writ denied*, 2013-2154 (La. 3/21/14), 135 So. 3d 617. The Supreme Court denied the Petitioner's writ application. *State v. York*, 2013-2154 (La. 3/21/14), 135 So. 3d 617. Petitioner now alleges that the trial court erred and that his counsel was ineffective for six reasons.

To show that his counsel was ineffective such that it denied him of his Sixth Amendment Rights, the Petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

I.

Petitioner first contends that the trial judge erred in determining that the victim was competent to testify and that the trial counsel was ineffective for failure to file a motion to determine the competency of the minor victim. Specifically, the "Petitioner alleges that the minor victim R.Y was called to testify without the trial judge, the state or

*Exhibit*

defense counsel questioning the victim about the difference between telling the truth and telling lies; so her credibility could be determined as required by State v. Carper...," and that "the trial judge failed to engage in any colloque [sic] with the minor victim RY to assure her ability to tell the truth when she was called to the stand to testify in this case." Motion 15-16. However, "[p]rior to her testimony, the State conducted a colloquy with R.Y. (Vol. III, R. p. 533). In doing so, the prosecutor questioned R.Y. as to her address, educational history, and extracurricular activities. On cross-examination, defense counsel twice instructed R.Y. to state if she did not understand what was being asked of her (Vol. III, R. p. 533)." State Memo p. 4. Defendant has submitted no evidence that would question the victim's competency to testify. As such, this claim is without merit.

Applying the *Strictland* test to the Petitioner's first claim, the Petitioner has not met the test. The Petitioner has not shown that his counsel made errors "so serious" that his counsel was not functioning as the counsel guaranteed to the defendant by the Sixth Amendment. He has further not shown that even if the performance was so deficient that it deprived the Petitioner of a fair trial.

## II.

In his second contention, the Petitioner alleges that the trial judge erred in determining the competency of the victim YP to testify, and that trial counsel was ineffective for failing to request that a determination be made as to the competency of the victim YP." Motion 17. However, the State spoke with YP about her age, birthday, family history, educational history, and employment history. She further stated that she knew the difference between the truth and a lie. State Memo p. 5 (citing R. p 466-470). *See, .e.g., State v. Burleson*, 516 So. 2d 1159, 1162 (La. Ct. App. 1987) *writ denied*, 521 So. 2d 1168 (La. 1988).

Petitioner has also not met the *Strictland* test. Even if an error was made by his counsel, he has not shown that the performance was so deficient that it deprived the Petitioner of a fair trial. This claim is without merit.

## III.

In his third claim, the Petitioner asserts that his trial counsel was ineffective for failure to fully and sufficiently cross-examine the victim YP and RY as to their prior statements. Motion p. 19-20. Specifically, Petitioner points to various statements about

the time, location, or nature of the events (for example, YP "admits during cross that she doesn't know when the abuse happened"). Motion p. 19-21.

However, Petitioner has not demonstrated that this was an error, much less that any supposed errors were so serious that the defendant was prejudiced. Specifically he has not shown that any alleged errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. This Court must give "give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment." *State v. Mitchell,* 44,008 (La. App. 2 Cir. 2/25/09), 4 So. 3d 320, 325 *writ denied,* 2009-0718 (La. 2/12/10), 27 So. 3d 841 and *writ denied sub nom. State ex rel. Mitchell v. State,* 2009-1570 (La. 4/30/10), 34 So. 3d 285. Even the choice to ask no questions can be a reasonable trial strategy that will not render a trial counsel's assistance ineffective. *Id.* The Petitioner presents no evidence that the Petitioner's counsel's lack of questions was a result of incompetence. The Second Circuit has even previously stated that, in this particular case, "that the uncertainty regarding an exact date of the offense is of no moment in this case." *State v. York,* 48,230 (La. App. 2 Cir. 8/7/13), 121 So. 3d 1226, 1233 *writ denied,* 2013-2154 (La. 3/21/14), 135 So. 3d 617. As such, this claim is also without merit.

## IV.

In his fourth claim, the Petitioner contends that he and his attorney were at "serious odds" and this amounted to an "irreconcilable conflict." Motion p. 21. Specifically, he alleged that his attorney never visited him, provided him with copies of discovery or other relevant documents, or informed him of trial strategy. Motion p. 22. However, Petitioner has again failed to demonstrate meet his burden under *Strickland.* The Petitioner has neither identified the alleged witness nor shown how their testimony would have changed the outcome of the trial. The Petitioner has also not shown how his attorney was "placed in a situation inherently conducive to divided loyalties." Motion p. 22 (Petitioner citing *State v. Carmouche,* 508 So. 2d 792, 797). This claim is without merit.

## V.

In the Petitioner's 5th claim, the Petitioner alleges that the trial court failed to properly charge the jury on circumstantial evidence. Motion p. 24-25. The Second Circuit has upheld this exact same jury charge. "The charge is neither misleading nor an incorrect statement of the law." *State v. McLemore*, 640 So. 2d 847, 861 (La. Ct. App.) *writ denied*, 94-1908 (La. 12/9/94), 647 So. 2d 1107. The petitioner's argument has been "squarely rejected" by the Second Circuit. *Id.* As such, the Petitioner has failed to prove that his trial counsel was deficient for not objecting to the charge or that he suffered any prejudice because of the charge. This claim is without merit.

## VI.

(6) In the Petitioner's 6th claim, the Petitioner alleges that his counsel was ineffective for all the reasons he previously cited. For all the reasons previously stated in this opinion, this claim is without merit.

## Traverse.

In the Petitioner's Traverse, the Petitioner asserts that the State's answer is not "timely or responsive and should not be considered..." Traverse p. 5-6. Petitioner's application was filed on February 18, 2015. The State's response to the Petitioner's was filed March 16, 2015, within 30 days. The State's response is timely.

## Conclusion.

Accordingly, this motion is **DENIED. The Clerk of Court is directed to provide a copy of this Ruling to the District Attorney and Petitioner.**

Signed this _____ day of May, 2015, in Shreveport, Caddo Parish, Louisiana.

Brady O'Callaghan
DISTRICT JUDGE

ENDORSED FILED
FARON BLANEY, Deputy Clerk
MAY 26 2015

A TRUE COPY ATTEST
CADDO PARISH DEPUTY CLERK

**DISTRIBUTION:**
Ronnie York
D.O.C. #600116-Hickory-2
Louisiana State Prison
Angola, La. 70712

Caddo Parish District Attorney's Office
501 Texas Street, 5th Floor
Shreveport, LA 71101